STATE, CONOVER, PROSECUTOR, v. DAVIS, COLLECTOR OF SAYREVILLE TOWNSHIP.

The court cannot, on *certiorari*, determine disputes as to the value of ratables, for the purpose of increasing the tax levied thereon.

On motion to dismiss a *certiorari*.

Argued at November Term, 1885, before Justices VAN SYCKEL and DIXON.

For the motion, *A. V. Schenck.*

*Contra, Willard P. Voorhees.*

The opinion of the court was delivered by

DIXON, J.    The prosecutor is a tax-payer in the township of Sayreville, Middlesex county.  On the ground that the property of another tax-payer in the township was assessed at too low a valuation, he applied to the commissioners of appeal to increase the same under section 2 of the supplement to the Tax act, approved March 9th, 1848.  *Rev., p.* 1149. The commissioners having declined to increase the valuation, the prosecutor sued out the present writ of *certiorari*, in order to have the valuation raised, and a motion is now made to dismiss the writ.

The first question presented is whether the prosecutor has such an interest in the matter as to entitle him to maintain the writ.    Theoretically, we think he has.    He has an actual interest in increasing the taxes of the other tax-payers in his township, because, by so doing, he diminishes the burden of taxation which he himself will be required to bear in the future.    On account of this interest, no doubt, the legislature has authorized him to complain to the commissioners of appeal, in order that just additions may be made to such assessments as have been levied at too low a rate, (*State* v. *Randolph*, 1

*Dutcher* 427 ; *State, Wharton, pros.,* v. *Koster,* 9 *Vroom* 308,) and, being thus made a legal party to the controversy before that tribunal, he becomes entitled to pursue all legal modes of reviewing its decision. But there arises here a further question. Whether the redress which the prosecutor seeks is such as this court is enabled to afford., He desires that by virtue of this *certiorari,* we shall determine a matter of fact, the value of the ratables assessed, and thereupon increase the tax imposed. Have we power to do this?

The general rule is that this court cannot, on *certiorari,* settle disputes about facts. But when the object of the writ is to review a tax, this rule is changed by two statutes, one, " An act regulating the proceedings of courts in cases of erroneous taxation," approved March 26th, 1852, (*Rev., p.* 1172,) the other, the ninth section of the *Certiorari* act. *Rev., p.* 99. Both of these laws, however, point out the purposes for which an investigation of the facts may be made, and these purposes are the affirmance and the reversal, in whole or in part, of the tax imposed. The aim of the prosecutor is not embraced within these enactments. He does not seek to affirm or to reverse the existing tax, but to make an addition to the assessment already levied. I know of no authority in this court to reverse the judgment of the assessor or of the commissioners of appeal upon the value of ratables, in order to accomplish such a purpose.

For this reason, therefore, the writ may be dismissed.